UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| James D. Paulsen, individually; Kathleen M. Paulsen, individually; and James D. Paulsen and Kathleen M. Paulsen, as Trustees and Beneficiaries of the Paulsen Family Trust Dated January 19, 2019,<br><br>Appellants,<br><br>v.<br><br>Joseph D. Olsen, Trustee for the Estate of James D. Paulsen,<br><br>Appellee. | Case No. 3:22-cv-50111<br><br>Honorable Iain D. Johnston |

## MEMORANDUM OPINION AND ORDER

Appellee Joseph D. Olsen sued Appellants James D. Paulsen and Kathleen C. Paulsen, alleging that the Paulsens had transferred their interests in a property to avoid paying their debts. After a trial on the merits, the Bankruptcy Court sided with Mr. Olsen as to the first two counts in Mr. Olsen's adversarial complaint and sided with the Paulsens as to the third. The Paulsens appealed, and this Court affirmed the Bankruptcy Court's decision on the first two counts and dismissed the appeal for the third. The Paulsens now move for rehearing under Federal Rule of Bankruptcy Procedure 8022. For the following reasons, the Court denies the Paulsens' motion.

### STANDARD OF REVIEW

A motion for rehearing under Federal Rule of Bankruptcy Procedure 8022 is the bankruptcy counterpart to Federal Rule of Civil Procedure 59(e). *Griswold v.*

1

*Zeddun*, No. 14-cv-718, 2016 U.S. Dist. LEXIS 14403, at *1 (W.D. Wis. Feb. 5, 2016) (citing *In re Grabill Corp.*, 983 F.2d 773, 775 (7th Cir. 1993)). Under Rule 59(e), a party can "bring to the Court's attention any 'factual and legal errors that may change the outcome so they can be corrected.'" *In re Johnson*, 480 B.R. 305, 309 (Bankr. N.D. Ill. 2012). This requires "newly discovered evidence" or "evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-53 (7th Cir. 2015). A Rule 59(e) motion does not, however, "allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt*, 807 F.3d at 253 (quoting *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000)).

**DISCUSSION**

The Paulsens allege two errors of fact and one error of law. Both alleged errors of fact relate to the Court's review of the Bankruptcy Court's summary judgment order. Dkt. 23 at 1–2. Although the Court addressed the Paulsens' arguments regarding the summary judgment order, that interlocutory order merged with the judgment after trial because the Bankruptcy Court held a full trial. *Paulsen v. Olsen*, No. 22-cv-50111, 2023 U.S. Dist. LEXIS 207386, at *11, *24 n.5 (N.D. Ill. Nov. 20, 2023). The merger alone was sufficient to dismiss the arguments related to the

2

summary judgment order. *Id.* at *11. Because the alleged errors of fact make no difference as to the outcome of the Court's judgment, they are not a basis for requiring the Court to reconsider its judgment. *See Johnson*, 480 B.R. at 309.

As for the alleged error of law, the Paulsens restate their understanding of the "sole intent" standard in 735 ILCS 5/12-112, but they provide no argument or explanation as to how they believe the Court erred. Dkt. 23 at 2. Their characterization of the "sole intent" standard is an abridged version of what was in their opening brief, relying on much of the same case law to "note[] the uniqueness of this standard." Dkt. 23 at 2–3; *see* Dkt. 12 at 27–32. The Court explained in its opinion that the Paulsens' version of the standard would not be considered because they cited no authority. *Paulsen*, 2023 U.S. Dist. LEXIS 207386, at *32. Indeed, the Paulsens acknowledge as much in their motion for rehearing. Dkt. 23 at 2–3 ("[T]here is no court case that has expressed the standard in quite this way . . . ."). There is no misapplication of law or failure to recognize controlling precedent in refusing to adopt a standard that no court has adopted.

## CONCLUSION

With a sense of déjà vu, the Court finds that, although the Paulsens may not have liked the Court's judgment, they have failed to show that the Court erred as a matter of fact or law. The Court denies the Paulsens' motion for rehearing.

Date: December 6, 2023

									_____
									Honorable Iain D. Johnston
									United States District Judge

3